UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WHITEHARVEST, LLC,  No. 10-11769

                   Debtor(s).
_____/

Memorandum and Order Closing Case
_____

      This Chapter 7 case was commenced by the filing of a voluntary petition on May 11, 2010. The schedules reflect about $1 million in general unsecured debt. It was closed on July 28, 2010, with no distribution to creditors, the trustee being unable to liquidate any assets for their benefit.

      On November 11, 2010, the debtor applied for the case to be reopened. The debtor represented that it had entered into an agreement to sell some of its intellectual property and "[The debtor] has been requested by the Buyer to reopen its Chapter 7 case herein to further administer the IP Assets which are the subject of that sale, specifically by establishing that [the debtor] obtained good title to the IP Assets upon abandonment by the Trustee, to establish that the Bankruptcy Court has no objection to the transfer and that possession and good title may transfer." The court denied the application, as it stated no valid purpose for reopening. Since the debtor, as an LLP, did not receive a discharge,[1] all of the creditors were free to satisfy their claims against any assets of the debtor, whether arising before, during or after the bankruptcy, and those claims might be asserted against a buyer of the property as well. The only valid purpose of the bankruptcy was to raise funds to pay the creditors, not insulate an asset from them or protect a buyer.

---

[1] Only individuals are entitled to a Chapter 7 discharge. 11 U.S.C. § 727(a)(1).

1

On January 23, 2011, the debtor renewed its motion to reopen the case. The motion was as without merit as the first, and even went so far as to request that no trustee be appointed. This led the court to believe the debtor might be concealing a valuable asset, so the court did reopen the case but directed the U.S. Trustee to appoint a trustee.

The debtor thereafter filed a motion to approve the sale that was without any basis in the law, again only trying to validate a postpetition sale of its assets without any legal standing to do so and without any meaningful payment to its creditors. That motion having been withdrawn, and it appearing that there is no point to keeping this case open,

IT IS ORDERED that this case will be closed on May 13, 2011, unless before that date the Trustee files an *ex parte* request to keep the case open. If the case is closed, the court reserves jurisdiction to issue sanctions for any violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure.

Dated: April 18, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge